AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means          ☐ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| In the Matter of the Search of | ) |
| | ) |
| | ) |
| | )   Case No. **2:23-MJ-04563** |
| | ) |
| A residence located at 1247 Amherst Avenue, | ) |
| Apartment 1, Los Angeles, CA 90025 | ) |
| | ) |
| | ) |
| | ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for_____days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

| | |
|---|---|
| Date and time issued:   9/7/2023;  4:30 pm | _____ |
| | *Judge's signature* |
| City and state:     Los Angeles, CA | Honorable Margo A. Rocconi, U.S. Magistrate Judge |
| | *Printed name and title* |

AUSA:  Alix McKenna (x 6166)

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: <br> 9E-LA-3797557 | Date and time warrant executed: <br> 09/15/2023 0600 | Copy of warrant and inventory left with: <br> Jonathan Lipman |
| Inventory made in the presence of :      SA Gary Wallace | | |

Inventory of the property taken and name of any person(s) seized:


(1) Gray Apple Laptop Serial C02DR6A7MD6M and Charging Cable

(1) Silver Apple Laptop Serial C02P8123G3QN
(1) Gray Apple iPhone and Charging Cable
(1) White Lexar 8GB USB Drive
(2) Lexar 1GB SD Card and SanDisk SDHG 16GB
(1) Black Apple iPhone (cracked screen) Model #A1661
(5) Sony 32GB SD Card Serial S732G1304, SanDisk Ultra Compact Flash 8GB Serial BLI30628011N, PNY 4GB SD
    Card Serial WJ6416P, Lexar 64GB SD Card Serial 097450707A02, SanDisk 4GB Compact Flash Serial
    BH110713941B.
(1) Black USB Device
(1) Written Letter Signed by Jonathan Lipman
(1) Journal with Purple Cover
(15) Written Notes
(3) Blue Samsung T7 2TB SSD Serial S5T6NJ0NC01744D, Black Seagate Portable Drive Serial NA7GKZ8W, Black
    WD Elements Portable Drive Serial WX82D901RTPJ
(1) Silver Sony Voice Recorder ICD-BX700
(1) Black RAZER USB

| **Certification** |
|---|

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  09/15/2023

*Executing officer's signature*

SA Jacob Tomes

*Printed name and title*

Case 2:23-mj-04563-DUTY Document 3 Filed 09/15/23 Page 3 of 10 Page ID #:35

## **ATTACHMENT A**

PREMISES TO BE SEARCHED

     The SUBJECT PREMISES is located at 1247 Amherst Avenue, Apartment 1, Los Angeles, CA 90025.  The SUBJECT PREMISES is located within a two story apartment building with tan stucco, red brick veneer, red roofing tiles, and a bottom level parking garage.

     The search shall include any appurtenances, outbuildings, garages, sheds, carports, storage facilities, and containers -- such as storage lockers, storage spaces, or trash cans -- assigned to Apartment 1.

**ATTACHMENT B**

ITEMS TO BE SEIZED

    1.    The items to be seized are fruits, instrumentalities, and evidence of violations of 18 U.S.C. §§ 875(c) (threat by interstate communication), 2261A (stalking), and 922(g)(8) (prohibited person with a firearm) (collectively, the "Subject Offenses"), namely:

        a.    Any firearms, ammunition, or weapons accessories, such as holsters, slings, scopes, optics, cases, safes, or magazines;

        e.    Data, records, documents, programs, applications or materials relating to killing, maiming, shooting, ADD OTHER SPECIFICS RE THE THREATS HE MADE other people, including judicial officers, court staff, and/or family members of judicial officers and court staff;

        f.    Data, records, documents, programs, applications or materials relating to attempting to locate addresses or other personal information related to judicial officers and court staff.

        g.    Any documents, notes, manifestos, or other written materials containing details regarding the aforementioned incidents. During the course of the search, photographs of the searched premises may also be taken to record the condition thereof and/or the location of items therein.

        h.    Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email or social media communications or other

i

text or written communications sent to or received from any
digital device;

        i.    Contents of any calendar or date book, including
any calendars or date books stored on any digital devices;

        j.    Audio recordings, photographs, video recordings
or still captured images on any digital device, phone memory
cards, or other storage related to obtaining firearms,
possessing firearms, or threats to public officials or their
family members;

        k.    GPS coordinates and other location information or
records identifying travel routes, destinations, origination
points, and other locations;

        l.    Any digital device used to facilitate the above
listed violations and forensic copies thereof.

   43. Any digital device which is itself or which contains
evidence, contraband, fruits, or instrumentalities of the
Subject Offense/s, and forensic copies thereof.

        a.    With respect to any digital device containing
evidence falling within the scope of the foregoing categories of
items to be seized:

        b.    evidence of who used, owned, or controlled the
device at the time the things described in this warrant were
created, edited, or deleted;

        c.    evidence of the presence or absence of software
that would allow others to control the device, such as viruses,
Trojan horses, and other forms of malicious software, as well as

ii

evidence of the presence or absence of security software designed to detect malicious software;

        d.    evidence of the attachment of other devices;

        e.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

        f.    evidence of the times the device was used;

        g.    applications, programs, software, documentation, manuals, passwords, keys, and other access devices that may be necessary to access the device or data stored on the device, to run software contained on the device, or to conduct a forensic examination of the device;

        h.    records of or information about Internet Protocol addresses used by the device.

        i.    As used herein, the terms "records," "information," "documents," "programs," "applications," and "materials" include records, information, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

        j.    As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony

iii

PlayStations and Microsoft Xboxes); peripheral input/output
devices, such as keyboards, printers, scanners, plotters,
monitors, and drives intended for removable media; related
communications devices, such as modems, routers, cables, and
connections; storage media, such as hard disk drives, floppy
disks, memory cards, optical disks, and magnetic tapes used to
store digital data (excluding analog tapes such as VHS); and
security devices.

SEARCH PROCEDURE FOR DIGITAL DEVICES

44.  In searching digital devices or forensic copies
thereof, law enforcement personnel executing this search warrant
will employ the following procedure:

a.   Law enforcement personnel or other individuals
assisting law enforcement personnel (the "search team") will, in
their discretion, either search the digital device(s) on-site or
seize and transport the device(s) and/or forensic image(s)
thereof to an appropriate law enforcement laboratory or similar
facility to be searched at that location.  The search team shall
complete the search as soon as is practicable but not to exceed
120 days from the date of execution of the warrant.  The
government will not search the digital device(s) and/or forensic
image(s) thereof beyond this 120-day period without obtaining an
extension of time order from the Court.

b.   The search team will conduct the search only by
using search protocols specifically chosen to identify only the
specific items to be seized under this warrant.

iv

i.    The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the scope of items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of items to be seized.

ii.    The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

iii.    The search team may use forensic examination and searching tools, such as "EnCase," "Griffeye," and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

c.    The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

d.    If the search determines that a digital device does not contain any data falling within the scope of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

e.    If the search determines that a digital device does contain data falling within the scope of items to be

v

seized, the government may make and retain copies of such data, and may access such data at any time.

       f.    If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the scope of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

       g.    The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

       h.    After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

       i.    The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the

custody and control of attorneys for the government and their support staff for their independent review.

       j.    During the execution of this search warrant, law enforcement is permitted to: (1) depress LIPMAN's thumb and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of LIPMAN's face with his or her eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.  In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

     2.  The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

vii